

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-1996

# Nat'l Lab. Rel. Bd. v. Konig

Precedential or Non-Precedential:

Docket 95-3085

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Nat'l Lab. Rel. Bd. v. Konig" (1996). *1996 Decisions*. Paper 212.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/212

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

Nos. 95-3085 and 95-3129

NATIONAL LABOR RELATIONS BOARD

Petitioner

v.

MICHAEL KONIG t/a NURSING HOME

CENTER AT VINELAND

Respondent/

Cross-Petitioner

* COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO

Intervenor-Petitioner

*(Granted as per Court's 4/7/95 Order)

On Application for Enforcement of an Order

of the National Labor Relations Board

(Cases 4-CA-20962-2, 4-CA-20984, 4-CA-21083,

4-CA-21093, and 4-CA-21360)

Argued October 30, 1995

BEFORE: NYGAARD, ALITO and

SAROKIN, Circuit Judges.

(Opinion filed: March 11, 1996)

Linda J. Dreeben

John D. Burgoyne (argued)

Aileen A. Armstrong

Angela Washington

National Labor Relations

Board

1099 14th St., NW

Suite 8101

Washington, DC 10570

Attorneys for Petitioner

Steven P. Weissman

Weissman & Mintz

One Executive Drive, Suite 200

Somerset, NJ 08873

Attorney for Intervenor

David Lew (argued)

Peckar & Abramson, P.C.

70 Grand Avenue

River Edge, NJ 07661

Attorney for Respondent/

Cross-Petitioner

ORDER AMENDING OPINION

The opinion in the above-captioned case filed March 11, 1996 is amended as follows:

(1) The last two sentences of page 10 of the slip opinion and the accompanying footnote is hereby removed.
These sentences read:

    The Home could even have filed a petition for reconsideration as permitted by 29 CFR § 102.48(d)(1) following the Board's decision. Yet it failed to do so.

(2) A footnote is hereby added on page 10 of the slip opinion at the end of what is now the last sentence of the page, following the phrase "failure to argue the point before the Board" and before the citation to Woelke &
Romero Framing . This footnote reads:

    Following the original filing of this opinion, the Home brought to the attention of this Court for the first time that on March 10, 1995 –– ten months after the Supreme Court issued its decision in Health Care &

Retirement Corp. and seven months after the Board rendered its decision in the instant case
-- the Home filed before the Board a Motion to Set Aside and/or Stay the Enforcement of the Board's order.

Neither the Home nor the Board called this motion to the attention of this Court. Indeed, the Board represented in a letter-brief that the Home had "fail[ed] to raise the argument [regarding the supervisory status of the nurses] at any time before the Board either before issuance of its decision or afterwards by a petition for reconsideration ," NLRB's Letter-Brief at 6 (January 17, 1996)(emphasis added). The Board further failed to include the motion in its certified list of relevant docket entries prepared on April 27th, 1995 and included in the Appendix to the Home's Brief. Appendix at    663-64. We are disturbed by the Board's misrepresentation to this Court. We further find inexcusable the Home's failure to call this motion to our attention in its briefs before this court.

We recognize that if the Board entertained this motion on the merits, this motion might be considered an "objection" based on Health Care & Retirement Corp. "urged before the Board," although the Home did not raise this as an issue. We find, however, that the Home's egregious delay in bringing this fact to the Court's attention deprives it of any opportunity it might have had to argue this point.
Moreover, it is not at all clear from the Board's summary denial of the motion on May 9, 1995, that the Board entertained the Home's Motion on the merits. Indeed, it is likely that the Board may have denied the Motion because it found it untimely under 29 CFR § 102.48(d)(2).

BY THE COURT:

/s/ H. Lee Sarokin

Circuit Judge

DATED: April 4, 1996